IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES EARL SMITH                                        PLAINTIFF

VS.                          CASE NO. 06-CV-1035

SHERIFF CALVIN KNIGHTON;
CAPTAIN VICTOR REYNOLDS;
LT. DELANEY; and NURSE
PAULA MANESS                                    DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed January 7, 2008, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 41). On January 16, 2008, the Plaintiff filed his objections to the Magistrate's Report and Recommendation. (Doc. No. 42).

The Plaintiff, James Earl Smith, is currently incarcerated in the Arkansas Department of Corrections (ADC). He has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Smith alleges that while being held in the Columbia County Detention Facility (CCDF) his constitutional rights were violated when he was denied adequate medical care and when Sheriff Knighton used excessive force against him.

On November 19, 2007, Judge Bryant conducted an evidentiary hearing regarding Smith's claims. At the hearing, Smith requested that additional information be obtained from a doctor who had examined him at the ADC. Interrogatories were issued by the Court to Dr. Neema Suphan at the ADC. Dr. Suphan responded to the interrogatories on January 2, 2008.

Based upon the testimony heard at the evidentiary hearing and Dr. Suphan's interrogatory responses, Judge Bryant found no evidence of deliberate indifference on the part of the Defendants. He also found that Smith had failed to prove by a preponderance of the evidence that Sheriff Knighton had used excessive force against him. Judge Bryant recommended that Smith's complaint be dismissed with prejudice and that judgment be entered in the Defendant's favor. Smith has filed objections which amount to little more that a restatement of his allegations against the Defendants.

In order to state a claim for denial of adequate medical care, a plaintiff must show that he suffered from objectively serious medical needs and that the prison officials actually knew of but deliberately disregarded those needs. *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000). In this case, Smith has presented no evidence, other that his allegations, that he suffered from a serious medical condition regarding his right wrist or blood in his stool. There is also no evidence that either of these conditions created an excessive risk to his health or that the Defendants deliberately disregarded his medical needs. Therefore, the Court agrees with Judge Bryant that Smith's claim for denial of adequate medical care should be dismissed.

In order to state a claim for excessive use of force, a pretrial detainee plaintiff must show that the force used by the prison officials was unreasonable in light of the facts and circumstances confronting them. *See e.g., Wilson v. Williams,* 83 F.3d 870, 875 (7th Cir. 1996). In this case, the testimony is inconsistent on whether Sheriff Knighton had any physical contact with Smith on the night in question. In fact, the weight of the evidence is that he did not. There is also no evidence that Smith's wrist injury was the result of the alleged use of excessive force by Knighton. Therefore, the Court agrees with Judge Bryant that Smith has failed to prove by a preponderance of the evidence that Sheriff Knighton used excessive force against him. Smith's

claim of excessive use of force should be dismissed.

After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own. According, the Court finds that the Plaintiff James Earl Smith's Complaint should be and hereby is **dismissed with prejudice**.

IT IS SO ORDERED, this 17th day January, 2008.

    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge